LipSCOMB, J.
Tiie statute of limitations of the State of Louisiana was relied on, in the defense, in this case. Our statute of limitations contains a provision different from almost any State, in permitting a foreign statute to he pleaded hi bar of an action. It is confined, however, to the statute of the place *32 ■from whence the defendant had emigrated, when he came to this government. It is found in article 2889, (Hart. Dig.,) and is as follows, i. e“That no “action shall he brought against any emigrant of the Republic to recover a “claim which was haired by the law of limitations of that country or State “ from which lie emigrated.”
The defense set up must be tried by the laws of Louisiana. If, by those laws, the action was barred before the defendant emigrated to Texas, the bar will be sustained hero.
The plaintiffs relied on a subsequent promise made by the defendant in the State of Louisiana to take their debt out of the statute. The sufficiency of the proof of that subsequent promise is contested. The applicants say, that, when the sum sued for is over five hundred dollars, by the laws of the State of Louisiana the promise must be proven by two witnesses; and in support of their proposition we are referred to 1st Robinson, 855; 2Rob. 158. The case of ilegond v. Landry, the first to which we have been referred, seems to be strong: and the question was, as to the proof that the defendant liad renounced the prescription. Judge Morphy says: “ The proof of the renunciation was rendered “ necessary by the defense set up, and could be made by one witness, the “amount of the obligation not exceeding five hundred dollars.” In the case of Tomes v. Montanyc, the second to which wo have been referred, the question does seem to have been noticed, as to the amount of proof of the subsequent promise; and it was proven by one witness only, and no objection to the proof upon that ground; but the case shows that the debt, as in the former eases, was under five hundred dollars, and is therefore not repugnant to what was ■said by Judge Morphy, in the former case : and, indeed, it seems to have been •considered as indisputable, that, if the debt was over five hundred dollars, the subsequent promise could not have been proven by the testimony of one witness alone. This rule grew out of the construction of article 2287 of the Civil 'Code. It is as follows : ■“ All agreements relative to personal property and all “ contracts for the payment of money, where the value does not exceed “ five hundred dollars, which are not reduced to writing, maybe proved by “ any other competent evidence. Such contracts or agreements above five “hundred dollars in value must be proved, at least by one credible witness, “and other corroborating circumstances.” We are trying the defense set up by the laws of Louisiana; and whatever construction they have given to íkeir law must govern us. It seems to be settled, intheir forums, that the new promise must be proven by one credible witness and other corroborating circumstances, when the debt is over five hundred dollars. The debt sued forin this ■ case exceeded five hundred dollars; and it was proven by only one witness, without any corroborating circumstances, that the defendant had made a subsequent promise. We must conclude, then, that if the case had been before tiie tribunals of Louisiana, the bar of the statute would have been valid, on account of lapse of the prescriptive term, and the failure of proof of the subsequent promise. This objection was disregarded by the court below; and for this error the judgment must be reversed and the cause remanded.
Reversed and remanded.